UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GULF SOUTH LITHOTRIPSY, LLC                    CIVIL ACTION

VERSUS                                         NO.  06-9613, c/w 07-6173

THE NORTH RIVER INSURANCE COMPANY              SECTION  "N"  (2)

## ORDER AND REASONS

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Stay Discovery (Rec. Doc. 27).  After reviewing the memoranda of the parties and the applicable law, this Court denies the motion for the reasons that follow.

**I.      Factual Background and Procedural History**

Plaintiff Gulf South Lithotripsy, LLC. ("Gulf South") is a New Orleans business that performs lithotripsy services for the Gulf coast. (Lithotriptors are devices that break up kidney stones). The Gulf South office was located on the second and third floor of Tulane hospital. Gulf South owns a number of lithotripsy machines, (some of which are fixed and some of which are mobile), which it uses in its daily practice.

Gulf South is partially owned by Healthtronics, Inc., which also owns portions of other lithotripsy companies. In December 2004, Unimark, acting as the insurance agent for Gulf South and many other companies related to Healthtronics, Inc., agreed to provide each of the companies with Commercial Property Coverage, Commercial Inland Marine Coverage and Commercial Auto

1

Coverage. Unimark intended to provide the requested coverage for the multiple companies through two policies and name each of the affiliated companies as an additional insured.

On December 31, 2004, North River Insurance Company ("North River") issued a policy to provide the Commercial Property Coverage and the Commercial Inland Marine Coverage. On January 15, 2005, United States Fire Insurance Company ("U.S. Fire") issued a policy to provide the Commercial Auto Coverage. The agent for both policies was Unimark.

During the policy period, Gulf South requested Certificates of Liability from Unimark and sent Unimark changes as it purchased or sold new equipment. These communications continued up to and after August 29, 2005 (the day Hurricane Katrina made landfall).

Gulf South's office in the Tulane Hospital and two of its semi-trailers were damaged by Hurricane Katrina. Unimark assisted Gulf South in filing a claim under the North River Policy. Unimark allegedly repeatedly told Gulf South that it was covered; however, North River denied the claim by letter dated September 7, 2006. Unimark continued to tell Gulf South that North River wrongly denied coverage and that Gulf South was covered. Gulf South relied on Unimark's representations and did not further investigate the issue until it received a copy of the North River Policy on or about June 24, 2007. After receiving and reviewing the policy, it was apparent that the policy does not list Gulf South as a named insured, it does not list the address of the Tulane Office, and the damaged Trailers are not listed on the Mobile Medical Equipment Schedule.

Thereafter, Gulf South sued Unimark and John Sutter, the president of Unimark, for misrepresenting that Gulf South was covered, for failing in their duty to provide North River with enough information for the policy to insure that Gulf South was listed on the policy and to insure that the trailers were covered by the policy, for failing to use reasonable diligence in obtaining

2

insurance, for failing to make sure that the insurance policies met their specific needs, and for misrepresenting specific terms of the policy.  Sutter now has filed a motion to dismiss contesting personal jurisdiction. Sutter is a resident of Texas.

## II.   Law and Analysis

### A.   Legal Standard

When a court does not conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must present sufficient facts to make out a prima facie case supporting jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir.2000) (citations omitted). A court must accept as true all non-conclusory, uncontroverted allegations in the plaintiff's complaint, and it must resolve all factual conflicts in favor of jurisdiction. *See Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir.2003) (citing Alpine, 205 F.3d at 214).

### B.   Analysis

Federal courts in a diversity action may exercise personal jurisdiction over a defendant to the extent permitted by the law of the forum state. *Alpine*, 205 F.3d at 214. Louisiana's long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment. La. R.S. 13:3201; *Fox v. Board of Supervisors of Louisiana State*, 576 So.2d 978, 983 (La.1991). Accordingly, the Court must consider whether exercising jurisdiction over the defendant is consistent with constitutional due process. *See Alpine*, 205 F.3d at 214.

The exercise of personal jurisdiction over a nonresident defendant comports with due process when "(1) that defendant has purposefully availed himself of the benefits and protections of the

forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999) *(quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). " 'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Alpine View*, 205 F.3d at 215. To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state. *Latshaw*, 167 F.3d 211 *(quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

A defendant's contacts with a forum may either be "general" or "specific." *Central Freight Lines*, 322 F.3d at 381. Specific jurisdiction is present if two conditions are met: (1) the defendant has "purposefully directed its activities at the forum state; and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *See Alpine*, 205 F.3d at 215 *(quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). A court may assert general jurisdiction over a nonresident defendant when that defendant's contacts with the forum state are "substantial and 'continuous and systematic' but unrelated to the instant cause of action." *Central Freight Lines*, 322 F.3d at 381 *(citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

In the motion to dismiss, Sutter claims that he should be dismissed because the forum state, Louisiana, lacks the requisite contacts with him to confer personal jurisdiction. Sutter notes that he entered only a special appearance, for the sole purpose of objecting to personal jurisdiction over himself. He argues that he should not have to respond to the discovery propounded to him because

he has not consented to jurisdiction by Louisiana and because he explicitly objected to jurisdiction and did not make a general appearance.

Specifically, Sutter contends that he should not be subject to "general jurisdiction" because his contacts with Louisiana, unrelated to the lawsuit, were not "continuous and systematic." Further, he claims that he is not subject to "specific jurisdiction" because he did not visit Louisiana at any time specifically related to the actions alleged in the lawsuit. Sutter attached an affidavit to the motion explaining that his civil contacts with Louisiana are as follows:

- he has had telephone and/or email communications to Louisiana;

- he has driven through Louisiana for personal reasons (but Louisiana was not his destination); and

- (unrelated to this matter, or to any specific claim), he traveled to Louisiana one time for a Quarterly Safety Meeting.

(Exhibit to motion, notably, it is signed or notarized).

Thus, Sutter claims that he should be dismissed with prejudice for lack of personal jurisdiction. He asks the Court to stay the production of any discovery to him because he has not entered a general appearance and because he is objecting to personal jurisdiction in Louisiana.

In opposition, Gulf Coast argues that this Court has personal jurisdiction over Sutter because he signed Certificates of Liability Insurance that are addressed to Louisiana companies and/or that concern insureds located in Louisiana. (See Exhibit A to opposition). The certificates were issued for Texas policies to Gulf South. Gulf South asserts that the act of issuing and sending these Certificates meets the "minimum contacts" test set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Thus, Gulf South claims that this Court has personal jurisdiction over Sutter.

Essentially, the main question here is whether personal jurisdiction exists over Sutter because his name appear as the "Authorized Representative" on the Certificates of Liability Insurance (See Exhibit A to opposition) wherein Louisiana business were named as "Certificate Holders."

During oral argument, Gulf South noted a recent Louisiana state court case that it argues supports the assertion that this Court has personal jurisdiction over Sutter. In *New Investment Properties, LLC v. ABC Insurance Company*, 2007-0943 (La. App. 4 Cir. 11/21/07), 2007 WL 4305464, an apartment complex was damaged in the flood waters resulting from Hurricane Katrina. The owner of the apartment complex sued its California insurer (who obtained wind and flood policies for it) claiming that the insurance company had provided negligent advice by improperly evaluating the property and not following federal flood insurance guidelines, which resulted in the apartment complex being significantly underinsured for the flood damages it sustained. The California insurer filed an exception for lack of personal jurisdiction, which was granted by the trial court. The apartment complex appealed, and the appellate court reversed the decision.[1]

The Louisiana Fourth Circuit reasoned that even though the California insurance agency was not licensed to do business in Louisiana, had no offices or employees in Louisiana, and had not solicited or advertised for business in Louisiana, it could have reasonably anticipated being brought into court in Louisiana as a result of the insurance policy it secured for the apartment complex in Louisiana. The Fourth Circuit reached this conclusion even though the California insurer had not placed telephone calls or sent emails to Louisiana in connection with the insurance policies for the Louisiana property. The Fourth Circuit reasoned, "So long as a commercial actor's efforts are

---

[1]     During oral argument, counsel informed this Court that this decision is currently on appeal to the Louisiana Supreme Court.

purposefully directed toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." 2007 WL 4305464 at *3. Last, after finding that sufficient minimum contacts existed, the Fourth Circuit reasoned:

> [The apartment complex owner] and the State of Louisiana, however, have a strong interest in seeing that Louisiana property owners who demonstrate that they were negligently advised when obtaining insurance coverage for property that was damaged by Hurricane Katrina be fairly compensated. Similarly, there is a strong social policy against insurance brokers or agents negligently under-insuring their clients.

*Id.* at *4, *internal citations omitted*. Thus, the Louisiana appellate court determined that the exercise of personal jurisdiction over the California insurance agency was reasonable, did not offend notion of fair play, and afforded substantial justice.

Similarly, here, Sutter's conduct in relation to Louisiana is such that the Court finds it is reasonable that he could expect to be haled into court in Louisiana. Attached as exhibit A to Plaintiff's opposition are over 80 certificates of liability insurance that benefit Louisiana businesses.[2] Sutter signed each of those certificates, as Unimark's authorized representative. During oral argument, it was noted that Sutter occasionally would email and telephone these contacts in Louisiana regarding insurance matters. This fact is actually dissimilar to the *New Investment Properties* case, wherein the non-resident insurer never telephoned or emailed businesses in Louisiana. Thus, given the recurring nature of Sutter's signing, issuing, and transmitting such certificates, the exercise of personal jurisdiction over Sutter is reasonable, does not offend notions of fair play, and affords substantial justice. Accordingly,

---

[2]    During oral argument, counsel explained that these certificates relate to one insurance policy; however, the Court finds this fact to be of no moment. Louisiana courts have recognized that a nonresident defendant's single act can suffice to subject a defendant to personal jurisdiction. *Babcock and Wilcox v. Babcock Mexico*, 597 So.2d 110 (La.App. 4 Cir.1992), *Security Homestead Association v. International Insurance Co. Inc.*, 546 So.2d 1384 (La.App. 4 Cir.1989).

**IT IS ORDERED** that Motion to Dismiss for Lack of Personal Jurisdiction and motion to Stay Discovery (Rec. Doc. 27)  should be and hereby is **DENIED**.

New Orleans, Louisiana, this 17th day of January, 2008.

**KURT D. ENGELHARDT**
**United States District Judge**